IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **YURIY PINKHASOV,** | : | No. 3:11cv171 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **ALLSTATE INSURANCE,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Before the court is the defendant's motion to dismiss Counts II and III of the plaintiff's complaint. (Doc. 3). The motion has been fully briefed and is ripe for disposition.

**BACKGROUND**

Plaintiff Yuriy Pinkhasov resides and owns property in Pittston, Pennsylvania. (Doc. 1-1, Ex. A to Notice of Removal, Complaint, ¶ 1) (hereinafter "Complaint"). Defendant Allstate Property and Casualty Insurance Company (hereinafter "Allstate" or "defendant") is a foreign corporation, organized and existing under the laws of the State of Illinois. (Id. at ¶ 2). Allstate regularly engages in the sale of insurance in Pennsylvania as a qualified insurer. (Id. at ¶ 3). Prior to the events described below, defendant issued a Homeowners Insurance Policy to the plaintiff covering his Pittston residence.[FN1] (Id. at ¶ 5).

Specifically, the policy set coverage limits of $250,000 for the dwelling, $25,000 for other structures, and $150,000 for personal property.

---

[FN1.] The insurance policy number is 9 38 706983 (Doc. 1-1, Ex. A to Notice of Removal, Complaint, ¶ 5).

1

(Id. at 14).  The insurance contract also provides compensation for temporary loss of use, debris removal and temporary repairs after a loss. (Id. at ¶¶ 9-10). The policy covers damage from sudden and accidental escape of water. (Id. at 17). It does not, however, cover losses caused by continuous or repeated seepage and leakage. (Id.). The policy also does not compensate for damage from wear and tear, deterioration, mold, wet rot, etc. (Id.).

On or about August 10, 2010, while the policy was in effect, the plaintiff discovered extensive water damage to his dwelling, and belongings therein, throughout the basement. (Id. at ¶¶ 12, 18, 26-27). The water originated from a leak, rupture, and/or break in the main water line in the basement. (Id. at ¶ 14).  The plaintiff immediately reported the loss to Allstate, and provided any relevant information requested. (Id. at ¶¶ 13-15).  Allstate refused payment on the claim, without investigation or inspection of the property.[FN2] (Id. at ¶¶ 16-17).  As a result of the leak, the plaintiff incurred costs of repair, mitigation, debris removal, and loss of use. (Id. at ¶¶ 29-31). Also, in the absence of payment, the plaintiff has been unable to complete necessary structural repairs, resulting in further damage including the growth of mold. (Id. at ¶ 31).

Plaintiff Pinkhasov filed a complaint in the Lackawana Court of Common Pleas asserting the following three counts against Defendant Allstate: Count I, breach of contract; Count II, violation of the duty to act in good faith pursuant to 42 PA. CONST. STAT. ANN. §8731; and Count III,

---

[FN2.] In its motion to dismiss, defendant Allstate asserts that plaintiff informed them directly of the ongoing nature of the loss, and the denial was based on this information. (Doc. 3 ¶ 3). A court reviewing a motion to dismiss may only consider allegations in the complaint, so this contention is outside the scope of our analysis here.

violation of the Unfair Trade Practices and Consumer Protection Law, (hereinafter "UTPCPL"), 75 PA. STAT. §201-1 *et seq.* (Complaint). Plaintiff seeks $74,962.82 in compensatory damages from the breach of contract claim. (Doc. 1 ¶ 10). Under his bad faith claim, plaintiff seeks punitive damages, interest and attorney's fees. Finally, plaintiff may be eligible for treble damages for defendant's violations of the UTPCPL. (Id. at ¶¶ 11-12).

Defendant removed the case to this court on January 25, 2011, asserting this court's diversity jurisdiction. (Doc. 1). Defendant then filed a motion to dismiss Counts II and III of the complaint pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure, which brings this case to its present posture.

**JURISDICTION**

The court has removal jurisdiction over this case pursuant to the diversity statute, 28 U.S.C. § 1332. Complete diversity exists between the plaintiff, a citizen of Pennsylvania, and the defendant, an Illinois corporation, with its principle place of business in Illinois. (Complaint ¶ 1; Doc. 1 ¶ 5). The amount in controversy exceeds $75,000. (Id. at ¶¶ 9-13). Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberline v. Giampapa, 201 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)).

**STANDARD OF REVIEW**

When a 12(b)(6) motion is filed, the sufficiency of the complaint is tested. Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint that fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In deciding a motion to dismiss, a district court generally should consider only the complaint, exhibits attached to the

3

complaint, and matters of public record. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007); Pension Benefit Guar. Corp v. White Consul. Indus., Inc., 998 F.2d 1192, 1196 (3d. Cir. 1993).

Pleadings pursuant to Rule 8 need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

When analyzing a 12(b)(6) motion to dismiss, we first separate the factual and legal elements in a complaint and the attached exhibits. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The court must accept as true all factual allegations and give the pleader the benefit of all reasonable inferences that can be fairly drawn therefrom, and view them in the light most favorable to the plaintiff. Id. at 210-11; Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

We then determine whether the facts alleged in the complaint "are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Fowler, 578 F.3d at 211 (quoting Ashcroft v. Iqbal, -- U.S. --, 129 S.Ct. 1937, 1950 (2009)). A plaintiff survives a motion to dismiss if the asserted facts have "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Specifically, a plaintiff must describe "enough facts to raise a reasonable expectation that the discovery will reveal evidence of" each necessary element of the claims alleged in the complaint. Phillips v. County of Alleheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Thus, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next

stage of litigation." Id. at 234-35.  In general, the determination of "plausibility . . . will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Fowler, 578 F.3d at 211 (quoting Iqbal, 129 S.Ct. at 1949).

**DISCUSSION**

Defendant's motion challenges two counts in the complaint. We will address each in turn.

**I. BAD FAITH**

Defendant moves to dismiss Count II of plaintiff's complaint alleging bad faith. (Doc. 3 ¶ 31). Pennsylvania's bad faith statute, 42 PA. CONS. STAT. ANN § 8371, authorizes recovery for an insurance company's bad faith toward an insured. It provides several remedies upon a finding of bad faith: (1) an award of "interest in the amount of the claim" at a rate equal to "the prime rate of interest plus 3%"; (2) an award of "punitive damages against the insurer"; and/or (3) an assessment of "court costs and attorney fees against the insurer." Id. Under section 8371, a plaintiff must support both elements of a bad faith claim with clear and convincing evidence: "(1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis." Klinger v. State Farm Mut. Auto Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997) (citing Terletsky v. Prudential Property and Casualty Ins. Co., 649 A.2d 680 (Pa. Super. Ct. 1994). Generally, "bad faith claims are fact-specific and depend upon the specific conduct of the insurer vis-a-vis its insured." Zimmerman v. Harleysville Mutual Insurance Co.,860 A.2d 167, 173 (Pa. Super. Ct. 2004).

Here, defendant asserts that plaintiff makes no factual averments supporting a bad faith claim other than a litany of "boiler-plate, conclusory allegations." (Doc 3, at ¶ 34). They claim that Pinkhasov asserts no facts

indicating that Allstate lacked a reasonable basis for their actions, or "knew or recklessly disregarded a lack of reasonable basis" in denying the plaintiff's claim,(Id. at ¶¶ 32-33). However, in his complaint, plaintiff lists over twenty (20) actions he avers constitute bad faith by the defendant. (Complaint ¶ 33). The plaintiff asserts that by "denying the claim and/or conducting an improper investigation," the defendant's conduct and actions constitute bad faith. (Id. at ¶ 33). Specifically, plaintiff allege that Allstate did not inspect the property, did not investigate the claim, and if it did investigate the claim it did so without adopting and implementing reasonable standards. (Id. at ¶ 33 (f)-(*l*)).

At a minimum, plaintiff alleges facts that show the failure by defendant to conduct a good faith investigation. The failure to conduct a good faith investigation into a claim constitutes acting in bad faith. Greene v. United Services Auto. Ass'n, 936 A.2d 1178, 1188 (Pa. Super. Ct. 2007); Frog, Switch & Mfg. Co., Inc v. Travelers Ins. Co., 193 F.3d 742, 751 n.9 (3d Cir. 1999). Because the allegation is sufficient to withstand a motion to dismiss, we deny Allstate's motion with respect to Count II of the complaint.

 **II. Unfair Trade Practices and Consumer Protection Law**

Defendant also moves to dismiss Count III of the Complaint in which plaintiff asserts Allstate violated the UTPCPL, 75 PA. STAT. §201-1 *et seq*. (Doc. 3, ¶ ¶ 10-18). The UTPCPL establishes a private right of action under which a plaintiff may recover "up to three times the actual damages sustained." 75 PA. STAT. §201-9.2(a). The statute "is designed to protect the public from fraud and deceptive business practices." Gardner v. State Farm Fire & Cas. Co., 544 F.3d 553, 564 (3d Cir. 2008).
However, the "mere refusal to pay a claim which constitutes nonfeasance,

the failure to perform a contractual duty, is not actionable." Id.

To succeed on a fraudulent misrepresentation claim under the UTPCPL law, a plaintiff must prove the following elements of common law fraud "by clear and convincing evidence: '(1) a misrepresentation; (2) a fraudulent utterance; (3) an intention by the maker that the recipient will be induced to act; (4) justifiable reliance on the misrepresentation; and (5) damage to the recipient as a proximate result.'" Tran v. Metropolitan Life Ins. Co., 408 F.3d 130, 135 n.8 (3d Cir. 2005) (quoting Tunis Bros. Co., Inc. v. Ford Motor Co., F.2d 715, 731(3d Cir.1991)); Debbs v. Chrsler Corp., 810 A.2d 137 (Pa. Super. Ct. 2002).

Plaintiff easily satisfies four out of five elements of common law fraud. Id. Taking the facts asserted in the complaint as true, as we must here, Allstate misrepresented their policy in the letter denying Pinkhasov's claim. (Complaint ¶¶ 16-18). Because Allstate did not investigate the claim or inspect the property, they sent a fraudulent denial letter that cited a provision inapplicable to the loss. (Id.) By shouldering repair costs personally, plaintiff justifiably relied upon, and suffered damage from, the denial of his claim. (Id. at ¶¶ 27-28).

Defendant asserts that plaintiff did not allege any facts showing that the defendant, or its representatives, made a material or fraudulent utterance to the plaintiff with the intent to mislead him into relying on that utterance. (Doc 3  ¶ 15-18). In deciding a 12(b)(6) motion to dismiss, a reviewing court gives the pleader the benefit of all reasonable inferences that can be fairly drawn therefrom, and views them in the light most favorable to the plaintiff. Morse, 132 F.3d at 906. Accepting the complaint as true, Allstate performed no investigation and had no basis for denying the claim, yet sent an official letter citing inapplicable policy provisions

7

denying the claim. (Complaint ¶¶ 13, 16). The court has no difficulty inferring that when Allstate sends official letters, they intend the receiver to rely on the contents. Therefore, plaintiff pleads a set of facts from which the court may reasonably conclude that Allstate made a fraudulent utterance with the intent to induce reliance from Pinkhasov and that he justifiably relied upon that utterance and suffered damage as a result. Thus, plaintiff's complaint satisfies all of the elements of common law fraud. Metropolitan Life Ins. Co., 408 F.3d at 135 n.8. Accordingly, it would be improper to grant the motion to dismiss on this ground.

**CONCLUSION**

For the reasons set forth above, the court denies in full the defendant's motion to dismiss plaintiff's complaint. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **YURIY PINKHASOV,** | : | No. 3:11cv171 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **ALLSTATE INSURANCE,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW,** to wit, this 20th day of June 2011, the defendant's motion to dismiss (Doc. 3) is hereby **DENIED** in all respects.

**BY THE COURT:**

**s/ James M. Munley**

**JUDGE JAMES M. MUNLEY**
**United States District Court**